UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| National Parks Conservation Association, | ) ) ) |
| Plaintiff, | ) ) |
| v. | ) ) Civil No. 15-01582 (APM) |
| United States Forest Service, *et al.*, | ) ) ) |
| Defendants. | ) ) ) |

## MEMORANDUM OPINION AND ORDER

**I.    INTRODUCTION**

In its Complaint, filed on September 29, 2015, Plaintiff National Parks Conservation Association alleged that Defendants United States Forest Service and five individuals in their official capacities violated "the National Environmental Policy Act ('NEPA'), . . . the National Forest Management Act ('NFMA'), . . . and the Administrative Procedure Act ('APA'), . . . by approving a Decision Notice ('DN') and Finding of No Significant Impact ('FONSI') for the large proposed 'Elkhorn Gravel Pit' . . . that is directly within the viewshed of the Theodore Roosevelt National Park's historic Elkhorn Ranch Unit." Compl., ECF No. 1, ¶ 1. Two months later, on November 30, 2015, Plaintiff filed a Motion for Temporary Restraining Order and Other Emergency Relief as May Be Just and Equitable ("Motion"), which is now before the court. ECF No. 20 [hereinafter Mot.]. Plaintiff's Motion asks the court "to suspend the January 6, 2015 [DN]/[FONSI] and related permits authorizing construction of [the Elkhorn Gravel Pit] and associated roads that would be seen and heard from the . . . National Park and its historic Elkhorn Ranch." Mot. at 1.

To address the Motion, the court ordered an expedited briefing schedule pursuant to which Defendants filed an Opposition on December 3, 2015, ECF No. 25, and Plaintiff filed a Reply on December 7, 2015, ECF No. 27.[1]  Upon consideration of the parties' filings, the court denies Plaintiff's Motion.[2]

## II.   DISCUSSION

A temporary restraining order is an "extraordinary and drastic remedy" that should be granted only where the party seeking relief has carried its burden of persuasion "*by a clear showing*." *Mazurek v. Armstrong*, 520 U.S. 968, 972 (1997) (per curiam) (citation and internal quotations marks omitted); *see also Sibley v. Obama*, 810 F. Supp. 2d 309, 310 (D.D.C. 2011). "The purpose of a temporary restraining order is to preserve the status quo for a limited period of time until the Court has the opportunity to pass on the merits of the demand for a preliminary injunction." *Barrow v. Graham*, 124 F. Supp. 2d 714, 715-16 (D.D.C. 2000) (citations omitted). A court may issue interim injunctive relief only when the movant demonstrates:  (1) that he is likely to succeed on the merits; (2) that he is likely to suffer irreparable harm in the absence of preliminary relief; (3) that the balance of equities tips in his favor; and (4) that an injunction is in the public interest.  *Winter v. Natural Res. Def. Council, Inc.*, 555 U.S. 7, 20 (2008) (citations omitted).  A demonstration of likelihood of success on the merits is essential to securing injunctive relief.  Absent a "substantial indication" of likely success on the merits, "there would be no justification for the court's intrusion into the ordinary processes of administration and judicial review." *Am. Bankers Ass'n v. Nat'l Credit Union Admin.*, 38 F. Supp. 2d 114, 140 (D.D.C. 1999)

---

[1] Plaintiff has also filed a Motion for Bond Waiver or a Nominal Bond, ECF No. 22, and Defendants have also filed a Motion to Strike Plaintiff's Reply brief, ECF No. 28.  Because the court denies Plaintiff's Motion, both Plaintiff's Motion for Bond Waiver or a Nominal Bond and Defendants' Motion to Strike, are denied as moot.
[2] Elkhorn Minerals LLC, a putative Intervenor in this case, *see* ECF No. 4, also filed an opposition to Plaintiff's Motion, ECF No. 24.  Because the court denies Plaintiff's Motion, it need not address Elkhorn Minerals LLC's motion to intervene at this time.

(citation and internal quotation marks omitted). It is also critical that the movant "demonstrate that irreparable injury is *likely* in the absence of an injunction." *Winter*, 555 U.S. at 22 (citations omitted). If a party fails to make a sufficient showing of irreparable injury, the court may deny the motion for injunctive relief without considering the other factors. *CityFed Fin. Corp. v. Office of Thrift Supervision*, 58 F.3d 738, 747 (D.C. Cir. 1995).

Plaintiff invites the court to "employ a sliding scale in determining whether to grant preliminary relief," that is, to permit "a particularly strong showing in one area of the four-factor test [to] compensate for weakness in another." Mot. at 2. Plaintiff cites, for instance, *Kentuckians for Commonwealth v. U.S. Army Corps of Eng'rs*, Civ. No. 3:12-00682, 2013 WL 5278236 (W.D. Ky. Sept. 18, 2013), for the proposition that preliminary relief may be granted where a plaintiff does "not show [a] substantial likelihood of success but show[s] irreparable harm absent interim relief due to imminent mining activities." Mot. at 2. But that is not the law in this jurisdiction. A showing of a substantial likelihood of success is an indispensable and irreducible element of preliminary relief. Courts in this Circuit do disagree over whether, in light of the Supreme Court's opinion in *Winter*, the "sliding scale" framework continues to apply, or whether they must require a positive showing on all four factors without discounting the importance of a factor simply because one or more other factors have been convincingly established. *Compare Davis v. Billington*, 76 F. Supp. 3d 59, 63 n.5 (D.D.C. 2014) ("[B]ecause it remains the law of this Circuit, the Court must employ the sliding-scale analysis here."), *with ABA, Inc. v. District of Columbia*, 40 F. Supp. 3d 153, 165 (D.D.C. 2014) ("The D.C. Circuit has interpreted *Winter* to require a positive showing on all four preliminary injunction factors." (citing *Davis v. Pension Benefit Guaranty Corp.*, 571 F.3d 1288, 1296 (D.C. Cir. 2009) (Kavanaugh, J., concurring)). But the court

need not take sides in that dispute here, because, as discussed below, Plaintiff has made an insufficient showing as to both likelihood of success on the merits *and* irreparable harm.

      A.      **Likelihood of Success on the Merits**

Addressing the first factor—the likelihood of success on the merits—Plaintiff offers in its Motion a series of conclusory statements, and little more.  Plaintiff argues:  "The Defendants' approvals . . . were based on an erroneous finding that construction and operations of this 25-acre gravel mine would have 'no significant impact' on the environment and on the historical, cultural, scenic and other values of the nearby Theodore Roosevelt National Park"; "Defendant Forest Service is required to conduct an 'environmental impact statement' and full and fair analysis of alternatives under [NEPA] due to the significant impacts of the proposed new gravel mine"; "Plaintiff is likely to succeed on the merits of its claims that the Defendants violated federal law by erroneously finding that there was 'no significant impact' from the gravel mine, by failing to conduct the environmental impact statement required by [NEPA], and by committing additional errors of law."  *Id.* at 3.

Such unadorned argument falls well short of the "clear showing" required to carry Plaintiff's burden for the "extraordinary and drastic" remedy requested.  Plaintiff failed to set forth any specific arguments in support of its claim that the Elkhorn Gravel Pit may, in fact, have a significant impact on the environment, and thus, required the creation of an environmental impact statement under NEPA.  Indeed, Plaintiff's Motion left the court wondering what specific aspects of Defendants' approvals Plaintiff is challenging as violative of NEPA.  Moreover, aside from noting, without any elaboration, that the U.S. National Park Service "called for the Defendants to conduct an environmental impact statement," Plaintiff offered no evidence to support its position.

Plaintiff did not even attach to its Motion (or its Complaint) the "Environmental Assessment" of the Elkhorn Gravel Pit that Defendants prepared, which lies at the center of this dispute.

Plaintiff's Reply brief is substantially more robust. In it, Plaintiff argues that, in violation of NEPA, Defendants failed to accurately identify relevant environmental concerns; did not take a "hard look" at the project's adverse impacts; relied on an impermissibly narrow "purpose and need" statement; and neglected to consider "appropriate alternatives." *See* Reply at 2-7. Plaintiff also argues that Defendants' approvals violated the National Forest Management Act and the Administrative Procedures Act, *id.* at 7-8, even though it did not advance arguments under either statute in the Motion.

"[I]t is a well-settled prudential doctrine that courts generally will not entertain new arguments first raised in a reply brief." *Aleutian Pribilof Islands Ass'n, Inc. v. Kempthorne*, 537 F. Supp. 2d 1, 12 n.5 (D.D.C. 2008) (citing *Herbert v. Nat'l Acad. of Scis.*, 974 F.2d 192, 196 (D.C. Cir. 1992)); *see also Herbert*, 974 F.2d at 196 (stating that "[t]his Court, of course, generally refuses to entertain arguments raised for the first time in an appellant's reply brief" and citing cases); *Rollins Envtl. Servs. Inc. v. EPA*, 937 F.2d 649, 652 n. 2 (D.C. Cir. 1991) ("Issues may not be raised for the first time in a reply brief." (citations ommitted)). The Court of Appeals has explained the rationale for this principle: "To consider an argument discussed for the first time in reply would be manifestly unfair to the appellant who, under our rules, has no opportunity for a written response." *Herbert*, 974 F.2d at 196.

Litigation is a not a shell game, in which a movant is permitted to make general assertions in a motion, leaving its opponent to guess at its grounds, only then to supply content in a reply brief. Here, it would be patently unfair to Defendants for the court to consider Plaintiff's arguments made for the first time in its Reply, when under the court's rules Defendants do not

5

have an opportunity to respond to them. That is especially true when, as here, Plaintiff is seeking the extraordinary remedy of an injunction that would halt the Elkhorn Gravel Pit's development and operations. The court therefore declines to consider the specific arguments that Plaintiff raised for the first time in its Reply. Because Plaintiff has offered only conclusory arguments in its Motion, and has failed to assert the specific manner in which Defendants' approvals have allegedly violated NEPA and other laws, it has failed to carry its burden of demonstrating a substantial likelihood of success.

### B. Irreparable Harm

Plaintiff's showing on the second factor—that it is likely to suffer irreparable harm in the absence of injunctive relief—fares no better. In its Motion, Plaintiff states that "its members, and the general public will be irreparably harmed if construction and operations of this gravel mine begin and they disturb this important National Park before the court has considered, reviewed and determined the merits of Plaintiff's claims." Mot. at 3-4. It adds that "[t]ourists visit the Elkhorn Ranchlands to experience [its] special landscape" and a "noisy active gravel mine harms that special natural landscape." *Id.* at 4. But such conclusory statements of irreparable harm simply do not meet the "high standard for irreparable injury," *Chaplaincy of Full Gospel Churches v. England*, 454 F.3d 290, 297 (D.C. Cir. 2006), which demands a showing that injury is "certain and great; . . . actual and not theoretical," *Wisc. Gas Co. v. FERC*, 758 F.2d 669, 674 (D.C. Cir. 1985) (per curiam). "Bare allegations of what is likely to occur are of no value since the court must decide whether the harm will *in fact* occur." *Id.*

Here, Plaintiffs have offered no *evidence* that such harm will befall *its members* absent injunctive relief. Indeed, Plaintiff's motion is not even supported by a member declaration establishing how, absent injunctive relief, development of the Elkhorn Gravel Pit would impair or

diminish the member's enjoyment of the Theodore Roosevelt National Park and the Elkhorn Ranch site.  The only evidence of harm Plaintiff has offered is from third-party declarant, Tweed Roosevelt, on behalf of the Theodore Roosevelt Association, who asserts that the "construction, digging and operation of the gravel pit will have significant adverse impacts on the cultural, historical, environmental and recreational values of Elkhorn Ranch."  Mot., Ex. A, ¶ 6.  Such general harm, which is not specific to Plaintiff or its members, is insufficient to establish irreparable harm to *Plaintiff*.  *See Winter*, 555 U.S. at 20 ("A plaintiff seeking a preliminary injunction must establish . . . that *he* is likely to suffer irreparable harm in the absence of preliminary relief.") (emphasis added); *Cardinal Health, Inc. v. Holder*, 846 F. Supp. 2d 203, 213 (D.D.C. 2012) (holding that harm to third-parties does not satisfy the irreparable harm requirement).

    Apparently having recognized their error in not submitting evidence, Plaintiff offers with its Reply declarations from three of its members, which assert, in short, that development of the Elkhorn Gravel Pit is impacting and will impact their enjoyment of the National Park.  *See* Reply, Ex. F, ECF No. 27-6.  But these affidavits come too late.  As previously discussed, "[i]t is well established that this court will not entertain arguments raised for the first time in a party's reply brief.  The same principle applies to newly proffered evidence attached to a reply brief."  *Patterson v. Johnson*, 391 F. Supp. 2d 140, 142 n.1 (D.D.C. 2005), *aff'd*, 505 F.3d 1296 (D.C. Cir. 2007) (citation and internal quotation marks omitted) (refusing to consider four affidavits attached to the movant's reply brief).  The court thus will not consider the three declarations submitted for the first time with Plaintiff's Reply, when Plaintiff easily could have offered such evidence with its Motion.  Plaintiff therefore has failed to show that, without the court's intervention, it will suffer irreparable injury.

### III. CONCLUSION AND ORDER

As Plaintiff has failed to demonstrate the two most important factors in the court's temporary restraining order analysis, the court denies Plaintiff's Motion. If Plaintiff wishes to file a motion for a preliminary injunction, the court suggests that Plaintiff meet and confer with Defendants and submit a proposed briefing schedule to the court. Meanwhile, the court will consider Defendants' pending Motion to Transfer this case to the District of North Dakota, ECF No. 15.

Dated: December 8, 2015

Amit P. Mehta
United States District Judge